**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13768
_____

CAMDEN COUNTY,
a political subdivision of the State of Georgia,
by and through the Camden County
Board of Commissioners,

*Plaintiff-Appellant,*

*versus*

UNION CARBIDE CORPORATION,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:22-cv-00077-LGW-BWC
_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and BRASHER, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether a citizen referendum operates retroactively and allows a county to recover its payments to a property owner under an option agreement. After Camden County and Union Carbide entered into an option agreement for the purchase of property, the citizens of the County passed a referendum revoking the County's authority to enter into the option agreement. When Union Carbide later refused to sell the property or to return the funds paid by the County, the County sued for unjust enrichment or money had and received. The district court dismissed the complaint. Because the existence of the parties' contract bars a claim for unjust enrichment or money had and received and, alternatively, the voluntary-payment doctrine bars recovery, we affirm.

The Camden County Board of Commissioners passed several resolutions permitting the County to enter into an option agreement with Union Carbide for the purchase of property. The County planned to use the property to construct a rocket-launch facility for commercial space exploration. The County paid Union Carbide $2.64 million to secure the exclusive right to purchase the property during the option period.

Citizens who opposed the purchase and development of the property later initiated a successful referendum to repeal the resolutions that authorized the option agreement. The County

challenged the constitutionality of the referendum in state court, but the Supreme Court of Georgia held that the County Home Rule Paragraph, GA. CONST. art. IX, § 2, ¶ I(b)(2), permitted the referendum and the repeal of the resolutions. *Camden County v. Sweatt*, 883 S.E.2d 827, 838 (Ga. 2023). While the appeal in *Sweatt* was pending, the County attempted to exercise its option to purchase the property. But Union Carbide refused to complete the sale of the property or to return the money that the County paid to secure its option.

The County then sued Union Carbide for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment in state court. Union Carbide removed the case to federal court. After the Supreme Court of Georgia ruled against it in *Sweatt,* the County filed an amended complaint for unjust enrichment or money had and received.

Union Carbide moved to dismiss the County's complaint. It argued that the option agreement, when entered and until the referendum passed, was a valid contract, and it maintained that, in any event, the voluntary-payments doctrine barred recovery of the funds paid by the County.

The district court granted the motion to dismiss. It ruled that a claim for unjust enrichment or money had and received may be maintained only where there is no legal contract, and that the option agreement, when entered between the parties, constituted a valid contract under Georgia law. It rejected the argument that the referendum operated retroactively to invalidate the option

agreement. And it concluded, in the alternative, that the doctrine of voluntary payments barred recovery because the payments to Union Carbide were not based on a misunderstanding, induced by deception or fraud, or made as an urgent necessity.

We review a dismissal for failure to state a claim *de novo* and accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020).

Laws do not "ordinarily . . . have a retrospective operation." GA. CODE ANN. § 1-3-5. And Georgia courts do not apply enactments retroactively "unless the language in the enactment itself mandates retroactive application." *Wilmoth v. Henry County*, 309 S.E.2d 126, 127 (Ga. 1983). The same principles that apply to determine whether a statute has retroactive effect are instructive here. *See Franzen v. City of Atlanta*, 857 S.E.2d 237, 243 (Ga. Ct. App. 2021) (applying "the principal rules of statutory construction" to construe local resolutions (citation and internal quotation marks omitted)).

Georgia courts "engage in a two-part analysis" when "determining whether legislation can be applied retroactively." *Dias v. Boone*, 912 S.E.2d 547, 561 (Ga. 2025) (citation and internal quotation marks omitted). They first consider whether there is "some clear indication in the statutory text that a statute is to be applied retroactively." *Id.* (citation and internal quotation marks omitted). "[O]nly when such a clear indication is present" do courts go on to "consider whether retroactive application is unconstitutional" because "retroactive application would injuriously affect the vested

23-13768                Opinion of the Court                5

rights of citizens." *Id.* (citation and internal quotation marks omitted).

There is no clear indication in the text of the citizen referendum that it is to be applied retroactively. The referendum asked, "Shall the resolutions of the Board of Commissioners of Camden County, Georgia authorizing the Option Contract with Union Carbide Corporation and Camden County's right and option to purchase the property described therein be repealed." The referendum does not expressly provide that it will operate retroactively to make the earlier payments to Union Carbide illegal. Because a valid contract existed when those payments were made, the County's claim for unjust enrichment or money had and received fails. *See Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216 (Ga. Ct. App. 2020); *Fernandez v. WebSingularity, Inc.*, 681 S.E.2d 717, 721 (Ga. Ct. App. 2009).

We **AFFIRM** the dismissal of the complaint against Union Carbide.